IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ARBELLA MUTAL INSURANCE
COMPANY, as Subrogee of
BUCKINGHAM BUS COMPANY,
  Plaintiff

v.

MOTOR COACH INDUSTRIES and
ESPAR HEATER SYSTEMS,
  Defendant

CIVIL ACTION NO. 05cv10955 PBS

Alexander

AMOUNT $250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK

### DEFENDANT MOTOR COACH INDUSTRIES' NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTICT OF MASSACHUSETTS.

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, you are hereby notified that defendant Motor Coach Industries, Inc. ("MCI"), incorrectly sued as "Motor Coach Industries," hereby removes this civil action from Norfolk County Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts, and in support thereof relies upon the attached Affidavit of Timothy J. Nalepka and shows the Court the following:

1. A civil action was commenced and is now pending in Norfolk County Superior Court, Commonwealth of Massachusetts, Case No. CV 2005-00301-B, in which the above-named Arbella Mutual Insurance Company, as Subrogee of Buckingham Bus Company is the plaintiff and Motor Coach Industries, Inc. and Espar Heater Systems are the defendants. (See Summons and Complaint, Exhibit A hereto).

2. This action is one over which this court has original jurisdiction under the provisions of 28 USC § 1332, and is one which may be removed to this court by defendant

pursuant to the provisions of 28 USC § 1441, in that it is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy Five Thousand Dollars ($75,000)[1], and is between citizens of different states.

3. The action involves a controversy between citizens of different states as follows:

   a. Based upon the allegations in the complaint, plaintiff is now, and, at the commencement of this action was, a resident of Massachusetts. (Compl. ¶ 1).

   b. Defendant MCI was at the time of the commencement of this action, and is now a corporation duly incorporated under and by virtue of the laws of the State of Delaware with its principal place of business in Illinois and was not and is not incorporated under and by virtue of the laws of Massachusetts. (See Nalepka Affidavit, Exhibit B hereto, ¶¶ 5 and 6).

   c. Defendant Espar Heating Systems ("Espar") is a Canadian corporation and was not and is not incorporated under and by virtue of the laws of Massachusetts, and does have its principal place of business in Massachusetts. (Compl. ¶ 5). Upon information and belief, Espar has not been served with the Summons and Complaint.

4. This Notice is filed in this court within thirty (30) days after the receipt by defendant of a copy of the initial pleading setting forth the claimed relief upon which the action is based, and, therefore, the time for filing this Notice under the provisions of 28 USC § 1446(b) has not expired.

5. Written notice of the filing of this Notice has been given to all adverse parties as required by law.

6. A true and correct copy of this Notice will be filed with the Clerk of Norfolk County Superior Court, Commonwealth of Massachusetts, as provided by law.

---

[1] The complaint alleges damages to the motor coach, the total price of which was $371,337.00 when invoiced on September 3, 1998. (Nalepka Affidavit ¶ 4).

7.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon MCI are attached hereto as Exhibit "A."

WHEREFORE, defendant prays that it may effect the removal of this action from the Norfolk County Superior Court, Commonwealth of Massachusetts, to this Court.

MOTOR COACH INDUSTRIES, INC.
By its Attorneys,

David A. Barry, BBO No. 031320
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030

Dated: May 9, 2005

## CERTIFICATE OF SERVICE

I, David A. Barry, hereby certify that on the above date I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

Steven R. Kruczynski, Esquire
Williams & Mahoney, LLC
900 Cummings Center
Suite 306-T
Beverly, MA 01915-6181

David A. Barry

Doc. #362876

4

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                       SUPERIOR COURT
                                                                   CIVIL ACTION

                                                                   NO. NOCV2005-00301-B

Arbella Mutual Insurance Company, as Subrogee of
.....Buckingham Bus Company, *Plaintiff(s)*

v.

Motor Coach Industries....., *Defendant(s)*

### SUMMONS

To the above-named Defendant:

                                                Steven R. Kruczynski, Esq
You are hereby summoned and required to serve upon Williams & Mahoney, LLC
                                             900 Cummings Ctr. Suite 306-T
plaintiff's attorney, whose address is Beverly, MA 01915................, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action. BARBARA J. ROUSE, Esquire

    WITNESS, ~~SUZANNE V. DELVECCHIO, Esquire~~, at .........................the .........................

day of ..............................., in the year of our Lord two thousand and .........................

                                                                                               [signature] Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                        SUPERIOR COURT DEPARTMENT
                                                    OF THE TRIAL COURT
                                                    CIVIL ACTION NO.   NOCV 2005 - 00301 - B

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*
ARBELLA MUTUAL                                  \*
INSURANCE COMPANY,                              \*
as Subrogee of BUCKINGHAM BUS                   \*
COMPANY                                         \*
         Plaintiff                         \*
V.                                              \*
                                                \*
MOTOR COACH INDUSTRIES and                      \*
ESPAR HEATER SYSTEMS                            \*
         Defendants                        \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

### THE PLAINTIFF, ARBELLA MUTUAL INSURANCE COMPANY DEMANDS TRIAL BY JURY AS TO ALL ISSUES

1. The plaintiff, Arbella Mutual Insurance Company (Arbella) is an insurer licensed to do business in Massachusetts with a usual place of business in Quincy, Norfolk County, Massachusetts.

2. At all times material hereto, the plaintiff, Arbella Mutual Insurance Company insured a bus owned by Buckingham Bus Company, Groton, Ma, which was a 1999 MCI Charter Bus, model 103EL3, bearing VIN number 1M8TRMPAXXPO60444.

3. The defendant, Motor Coach Industries, is a business entity with a usual place of business at 1475 Clarence Avenue, Winnepeg, Manitoba, Canada.

4. The defendant Motor Coach Industries is subject to the jurisdiction of this Court by virtue of its doing business in Massachusetts.

5. The defendant, Espar Heater Systems, is a business entity with a usual place of business at 6435 Kestrel Road, Mississauga, Ontario, Canada.

6. The defendant, Espar Heater Systems, is subject to the jurisdiction of this Court by virtue of its doing business in Massachusetts.

### COUNT I, NEGLIGENCE v. MOTOR COACH INDUSTRIES

7. The plaintiff, Arbella, repeats and incorporates herein by reference paragraphs no. 1-6 of its Complaint.

8. The defendant, Motor Coach Industries, designed, manufactured and provided instructional materials for the 1999 MCI Charter Bus model 103EL3 which it sold to Arbella's insured, Buckingham Bus Company.

9. The defendant, Motor Coach Industries, also installed in the MCI Charter Bus model 103EL3, a D24W model water heater manufactured by the defendant, Espar Heater Systems.

10. The defendant, Motor Coach Industries, was negligent in the design, manufacture and/or providing of instructional materials for the 1999 MCI Charter Bus model 103EL3 which it sold to Buckingham Bus Company and was negligent in its installation.

11. On or about November 12, 2002, the 1999 MCI Charter Bus model 103EL3, caught fire, causing property damage requiring expenditures pursuant to the policy of insurance issued by the plaintiff, Arbella, to Buckingham Bus Company.

12. The damages sustained by the plaintiff were as a direct and proximate result of the negligence of the defendant, Motor Coach Industries.

WHEREFORE, the Plaintiff, Arbella Mutual Insurance Company, as subrogee of Buckingham Bus Company, demands judgment against the defendant, Motor Coach Industries for all damages it has sustained, together with interest, costs, and attorneys fees.

## COUNT II, BREACH OF WARRANTY v. MOTOR COACH INDUSTRIES

13. The plaintiff repeats and incorporates herein by reference paragraphs no. 1-9 of its Complaint.

14. Prior to November 12, 2002, the defendant, Motor Coach Industries, sold to the plaintiff's insured, Buckingham Bus Company, a 1999 MCI Charter Bus model 103EL3.

15. At the time of said sale this defendant, Motor Coach Industries, expressly and impliedly warranted said product to be merchantable and suitable for its intended purpose as a motor coach.

16. The defendant, Motor Coach Industries, breached said warranties and said charter bus was defective, not merchantable and not suitable for its intended purposes.

17. As a direct and proximate result of said breaches of warranties, the 1999 MCI Charter Bus model 103EL3 caught fire on or about November 12, 2002, causing damage to be sustained by the plaintiff.

WHEREFORE, the plaintiff, Arbella Mutual Insurance Company, as subrogee of Buckingham Bus Company, demands judgment against the defendant, Motor Coach Industries, for all damages it has sustained together with interest, costs and attorneys fees.

### COUNT III, NEGLIGENCE v. ESPAR HEATER SYSTEMS

18. The plaintiff repeats and incorporates herein by reference paragraphs no. 1-6 of its Complaint.

19. The defendant, Espar Heater Systems, designed, manufactured and provided instructional materials for a certain model D24W coolant heater.

20. A model D24W coolant heater was installed in the 1999 MCI Charter Bus model 103EL3.

21. The defendant, Espar Heater Systems, was negligent in the design, manufacture and/or providing of instructional materials for the model D24W coolant heater.

22. On or about November 12, 2002, the 1999 MCI Charter Bus model 103EL3 sustained a fire originating in the model D24W coolant heater and/or its components, causing property damage requiring expenditures pursuant to the policy of insurance issued by the plaintiff, Arbella, to Buckingham Bus Company.

23. The damages sustained by the plaintiff were as a direct and proximate result of the negligence of the defendant, Espar Heater Systems.

WHEREFORE, the plaintiff, Arbella Mutual Insurance Company, as subrogee of Buckingham Bus Company, demands judgment against the defendant, Espar Heater Systems, for all damages it has sustained, together with interest, costs and attorneys fees.

### COUNT IV, BREACH OF WARRANTY v. ESPAR HEATER SYSTEMS

24. The plaintiff repeats and incorporates herein by reference paragraphs no. 1-9 of its Complaint.

25. Prior to November 12, 2002, the defendant, Espar Heater Systems, sold a model D24W coolant heater which was installed in a 1999 MCI Charter Bus model 103EL3.

26. At the time of said sale, the defendant, Espar Heater Systems, expressly and impliedly warranted said coolant heater to be merchantable and suitable for its intended purpose as a coolant heater.

27. The defendant, Espar Heater Systems, breached said warranties, and said coolant heater was defective, not merchantable and not suitable for its intended purposes.

28. As a direct and proximate result of said breaches of warranties, the model D24W coolant heater caused a fire on or about November 12, 2002, causing damage to be sustained by the plaintiff.

WHEREFORE, the plaintiff, Arbella Mutual Insurance Company, as subrogee of Buckingham Bus Company, demands judgment against the defendant, Espar Heater Systems, for all damages it has sustained, together with interest, costs and attorneys fees.

Respectfully submitted
By Plaintiff's attorney,

*Steven R. Kruczynski*
Steven R. Kruczynski, Esq.
BBO No. 280560
Williams & Mahoney, LLC
900 Cummings Center, Suite 306-T
Beverly, MA 01915
(978) 232-9500

Dated: February 18, 2005

4

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                          SUPERIOR COURT DEPARTMENT
                                      OF THE TRIAL COURT
                                      CIVIL ACTION NO. 05-00301

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
ARBELLA MUTUAL                        *
INSURANCE COMPANY,                    *
as Subrogee of BUCKINGHAM BUS         *
COMPANY                               *
             Plaintiff                *
V.                                    *
                                      *
MOTOR COACH INDUSTRIES and            *
ESPAR HEATER SYSTEMS                  *
             Defendants               *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION OF THE PLAINTIFF TO EXTEND TIME STANDARDS TRACKING ORDER DEADLINE FOR RETURN OF SERVICE OF PROCESS

Now comes the plaintiff, Arbella Mutual Insurance Company, as subrogee of Buckingham Bus Co., and moves that the deadline within which return of service must be filed be extended from 5/19/05 to 7/19/05, and that all subsequent deadlines be adjusted forward by sixty days.

In support of the foregoing, the plaintiff states that one of the defendants, Espar Heating Systems, is a Canadian Corporation, and service of the summons and complaint upon it must be done in accordance with provisions of the Hague Convention, which is more time consuming than domestic service of process.

WHEREFORE, in light of the foregoing, the plaintiff respectfully submits that deadlines for filing the returns of service of process upon defendants be changed from 5/19/05 to 7/19/05, and that all subsequent deadlines be adjusted forward by sixty days.

                                      Respectfully submitted
                                      By Plaintiff's attorney,

                                      *Steven R. Kruczynski*
                                      Steven R. Kruczynski, Esq.
                                      BBO No. 280560
                                      Williams & Mahoney, LLC
                                      900 Cummings Center, Suite 306-T
                                      Beverly, MA 01915
Dated: April 21, 2005                 (978) 232-9500

## CERTIFICATE OF SERVICE

I, Steven R. Kruczynski, attorney for the Plaintiff, do hereby certify that a copy of the within:

1. Motion of the Plaintiff to Extend Time Standards Tracking Order Deadline for Return of Service of Process

has been sent, postage prepaid, to counsel:

President or Chief Executive Officer
Motor Coach Industries
1700 E. Golf Rd.
Schaumburg, IL 60173

Espar Heater Systems
64365 Kestrel Road
Misdsissauga, Ontario, Canada

Dated: April 22, 2005

*[signature]*
Steven R. Kruczynski, Esquire
BBO No. 280560
Williams & Mahoney, LLC
900 Cummings Center, Suite 306-T
Beverly, MA 01915
(978) 232-9500



**MOTOR COACH INDUSTRIES INC.**
552 WEST STUTSMAN AVENUE
PEMBINA, NORTH DAKOTA 58271-0349
PHONE (701) 825-6234
FAX (204) 772-0620

| INVOICE NO. | 33034 |
|---|---|
| PAGE | 1 |
| DATE | 09/03/98 |
| SALESMAN | HAUSMAN BUS SALES |
| | REGULAR INVOICE |
| Fed ID: | 45-0277789 |

U000099     Fed ID:
Buckingham Bus Co., Inc.
P.O. Box 8
40 Station Ave.
Groton MA 01450
USA

Buckingham Bus Co., Inc.
P.O. Box 8
40 Station Ave.
Groton MA 01450
USA

| CUST. ORDER NO. | P.O. NUMBER | PKGS | PPD | WEIGHT | SHIP VIA | TERMS |
|---|---|---|---|---|---|---|
| 004312 | 005-171 | | | 0.00 | | CASH |

| LINE REL | QTY. ORDERED | QTY. SHIPPED | QTY. BACK ORDERED | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|
| | | | | Currency: US$ US Dollars | |
| 1 | 1.000 | 1.000 | .000 | 371,337.00000 | 371,337.00 |

Item: 102EL3-60444C
Description: BUCKINGHAM BUS CO., INC.
U/M: EA

MODEL 102EL3 MCI INTERCITY COACH IN
ACCORDANCE WITH MOTOR COACH INDUSTRIES,
INC., STANDARD SPECIFICATIONS, INCLUDING
OPTIONAL EQUIPMENT ITEMS AS PER DETAILED
PAGES ATTACHED TO AND FORMING A PART OF
AN AGREEMENT TO PURCHASE DATED
APRIL 17, 1998 LESS TIRES

$ 372,552.00

LESS: PRICE ADJUSTMENTS
AS ADVISED IN MS. L.
KACPROWSKI'S LETTER TO
MR. K. BUCKINGHAM DATED
AUGUST 19, 1998       $ (4,095.00)

ADD: TIRES             $  2,880.00

IMPORTANT. THE TITLE AND OWNERSHIP OF PROPERTY AND THE RIGHT OF POSSESSION OF THE SAID GOODS AND EQUIPMENT SHALL REMAIN IN THE VENDOR UNTIL THE PURCHASE PRICE IS PAID IN FULL, AND THE VENDOR SHALL HAVE THE RIGHT TO REPOSSESS AND SELL THE SAID EQUIPMENT IN THE EVENT OF DEFAULT IN SUCH PAYMENT. COMPLAINTS OF SHORTAGE OR OTHERWISE MUST BE MADE TO OUR HEAD OFFICE UPON RECEIPT OF GOODS OR CLAIMS CANNOT BE CONSIDERED OR ALLOWED. PERMISSION MUST BE OBTAINED BEFORE GOODS MAY BE RETURNED FOR CREDIT.

SUB TOTAL
TRADE-IN
FREIGHT
SALES TAX

CONTROL NO. P020765

AMOUNT DUE



**MOTOR COACH INDUSTRIES INC.**
552 WEST STUTSMAN AVENUE
PEMBINA, NORTH DAKOTA 58271-0349
PHONE (701) 825-6234
FAX (204) 772-0620

| | |
|---|---|
| INVOICE NO. | 33034 |
| PAGE | 2 |
| DATE | 09/03/98 |
| SALESMAN | HAUSMAN BUS SALES |
| | REGULAR INVOICE |
| Fed. ID: | 45-0277789 |

```
U000099      Fed ID:
Buckingham Bus Co., Inc.              Buckingham Bus Co., Inc.
P.O. Box 8                            P.O. Box 8
40 Station Ave.                       40 Station Ave.
Groton MA 01450                       Groton MA 01450      SHIP TO
USA                                   USA
```

| CUST. ORDER NO. | P.O. NUMBER | PKGS. | PPD | WEIGHT | SHIP VIA | TERMS |
|---|---|---|---|---|---|---|
| 004312 | 005-171 | | | 0.00 | | CASH |

| LINE REL. | QTY. ORDERED | QTY. SHIPPED | QTY. BACK ORDERED | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|

```
TRADE-IN:  ONE (1) USED 1993 MCI 102C3
COACH UNIT #45160

F.O.B. PEMBINA, NORTH DAKOTA
FEDERAL EXCISE TAX EXEMPT

V.I.N.: 1M8 TRMPA X XP060444
UNIT NO.: 60444
ENG. SERIAL NO.: 06R0432040
FLEET NO.: 132
```

**IMPORTANT -** THE TITLE AND OWNERSHIP OF PROPERTY AND THE RIGHT OF POSSESSION OF THE SAID GOODS AND EQUIPMENT SHALL REMAIN IN THE VENDOR UNTIL THE PURCHASE PRICE IS PAID IN FULL, AND THE VENDOR SHALL HAVE THE RIGHT TO REPOSSESS AND SELL THE SAID EQUIPMENT IN THE EVENT OF DEFAULT IN SUCH PAYMENT. COMPLAINTS OF SHORTAGE OR OTHERWISE MUST BE MADE TO OUR HEAD OFFICE UPON RECEIPT OF GOODS OR CLAIMS CANNOT BE CONSIDERED OR ALLOWED. PERMISSION MUST BE OBTAINED BEFORE GOODS MAY BE RETURNED FOR CREDIT.

| | |
|---|---|
| SUB TOTAL | 371,337.00 |
| TRADE-IN | 117,895.47- |
| FREIGHT | 0.00 |
| SALES TAX | 0.00 |

| CONTROL NO. | P020766 | Prepaid Amt: | 5,000.00 | AMOUNT DUE | 243,440.53 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  **Arbella Mutual Insurance Company, as Subrogee of Buckingham Bus Company v. Motor Coach Industries**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    ☒  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ☐  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.   150, 152, 153.

    *05 10955 PBS*

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐   NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☒   NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☒     Central Division ☐     Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐     Central Division ☐     Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    See Attached Motion to Extend Time Standards   YES ☒   NO ☐
    Tracking Order Deadline for Return of Service of Process (Exhibit A)

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  David A. Barry
ADDRESS  Sugarman, Rogers, Barshak & Cohen, P.C., 101 Merrimac St., 9th Floor, Boston, MA 02114-4737
TELEPHONE NO.  (617) 227-3030

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Arbella Mutual Insurance Company, as Subrogee of Buckingham Bus Company

(b) County of Residence of First Listed Plaintiff: **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number): (978) 232-9500
Steven R. Kruczynski    900 Cummings Center
Williams & Mahoney, LLC    Beverly, MA 01915

## DEFENDANTS
Motor Coach Industries and Espar Heater Systems

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): David A. Barry (for Motor Coach Industries)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac St., Boston, MA 02114  (617) 227-3030

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability / ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | PERSONAL PROPERTY | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☒ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. § 1332**
Brief description of cause: Plaintiff claims damage to a bus designed and manufactured by defendant Motor Coach Industries.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: May 9, 2005
SIGNATURE OF ATTORNEY OF RECORD: /s/ David A. Barry
David A. Barry

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____