RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARBELLA MUTAL INSURANCE COMPANY, as Subrogee of BUCKINGHAM BUS COMPANY,<br>Plaintiff<br><br>v.<br><br>MOTOR COACH INDUSTRIES and ESPAR HEATER SYSTEMS,<br>Defendant | 05 - 10955 PBS<br>CIVIL ACTION NO. |

I hereby certify on 5/10/05 that the foregoing document is true and correct copy of the electronic docket in the captioned case
☐ electronically filed original filed on ___
☑ original filed in my office on 5/9/05
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

### DEFENDANT MOTOR COACH INDUSTRIES' NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTICT OF MASSACHUSETTS.

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, you are hereby notified that defendant Motor Coach Industries, Inc. ("MCI"), incorrectly sued as "Motor Coach Industries," hereby removes this civil action from Norfolk County Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts, and in support thereof relies upon the attached Affidavit of Timothy J. Nalepka and shows the Court the following:

1. A civil action was commenced and is now pending in Norfolk County Superior Court, Commonwealth of Massachusetts, Case No. CV 2005-00301-B, in which the above-named Arbella Mutual Insurance Company, as Subrogee of Buckingham Bus Company is the plaintiff and Motor Coach Industries, Inc. and Espar Heater Systems are the defendants. (See Summons and Complaint, Exhibit A hereto).

2. This action is one over which this court has original jurisdiction under the provisions of 28 USC § 1332, and is one which may be removed to this court by defendant

pursuant to the provisions of 28 USC § 1441, in that it is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy Five Thousand Dollars ($75,000)[1], and is between citizens of different states.

3. The action involves a controversy between citizens of different states as follows:

   a. Based upon the allegations in the complaint, plaintiff is now, and, at the commencement of this action was, a resident of Massachusetts. (Compl. ¶ 1).

   b. Defendant MCI was at the time of the commencement of this action, and is now a corporation duly incorporated under and by virtue of the laws of the State of Delaware with its principal place of business in Illinois and was not and is not incorporated under and by virtue of the laws of Massachusetts. (See Nalepka Affidavit, Exhibit B hereto, ¶¶ 5 and 6).

   c. Defendant Espar Heating Systems ("Espar") is a Canadian corporation and was not and is not incorporated under and by virtue of the laws of Massachusetts, and does have its principal place of business in Massachusetts. (Compl. ¶ 5). Upon information and belief, Espar has not been served with the Summons and Complaint.

4. This Notice is filed in this court within thirty (30) days after the receipt by defendant of a copy of the initial pleading setting forth the claimed relief upon which the action is based, and, therefore, the time for filing this Notice under the provisions of 28 USC § 1446(b) has not expired.

5. Written notice of the filing of this Notice has been given to all adverse parties as required by law.

6. A true and correct copy of this Notice will be filed with the Clerk of Norfolk County Superior Court, Commonwealth of Massachusetts, as provided by law.

---

[1] The complaint alleges damages to the motor coach, the total price of which was $371,337.00 when invoiced on September 3, 1998. (Nalepka Affidavit ¶ 4).

7.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon MCI are attached hereto as Exhibit "A."

WHEREFORE, defendant prays that it may effect the removal of this action from the Norfolk County Superior Court, Commonwealth of Massachusetts, to this Court.

> MOTOR COACH INDUSTRIES, INC.
> By its Attorneys,
>
> /s/ David A. Barry
> David A. Barry, BBO No. 031520
> Sugarman, Rogers, Barshak & Cohen, P.C.
> 101 Merrimac Street, 9th Floor
> Boston, MA 02114-4737
> (617) 227-3030

Dated: May 9, 2005

A TRUE COPY
Attest: Mary E. Kenney
Deputy Assistant Clerk
5/13/05

## CERTIFICATE OF SERVICE

I, David A. Barry, hereby certify that on the above date I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

Steven R. Kruczynski, Esquire
Williams & Mahoney, LLC
900 Cummings Center
Suite 306-T
Beverly, MA 01915-6181

_____
David A. Barry

Doc. #362876

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                SUPERIOR COURT DEPARTMENT
                                            OF THE TRIAL COURT
                                            CIVIL ACTION NO.  NoCV 2005 - 00301 - B

```
******************************
ARBELLA MUTUAL                      *
INSURANCE COMPANY,                  *
as Subrogee of BUCKINGHAM BUS       *
COMPANY                             *
              Plaintiff             *
V.                                  *
                                    *
MOTOR COACH INDUSTRIES and          *
ESPAR HEATER SYSTEMS                *
              Defendants            *
******************************
```

THE PLAINTIFF, ARBELLA MUTUAL INSURANCE COMPANY
DEMANDS TRIAL BY JURY AS TO ALL ISSUES

1. The plaintiff, Arbella Mutual Insurance Company (Arbella) is an insurer licensed to do business in Massachusetts with a usual place of business in Quincy, Norfolk County, Massachusetts.

2. At all times material hereto, the plaintiff, Arbella Mutual Insurance Company insured a bus owned by Buckingham Bus Company, Groton, Ma, which was a 1999 MCI Charter Bus, model 103EL3, bearing VIN number 1M8TRMPAXXP060444.

3. The defendant, Motor Coach Industries, is a business entity with a usual place of business at 1475 Clarence Avenue, Winnepeg, Manitoba, Canada.

4. The defendant Motor Coach Industries is subject to the jurisdiction of this Court by virtue of its doing business in Massachusetts.

5. The defendant, Espar Heater Systems, is a business entity with a usual place of business at 6435 Kestrel Road, Mississauga, Ontario, Canada.

6. The defendant, Espar Heater Systems, is subject to the jurisdiction of this Court by virtue of its doing business in Massachusetts.

### COUNT I, NEGLIGENCE v. MOTOR COACH INDUSTRIES

7. The plaintiff, Arbella, repeats and incorporates herein by reference paragraphs no. 1-6 of its Complaint.

8. The defendant, Motor Coach Industries, designed, manufactured and provided instructional materials for the 1999 MCI Charter Bus model 103EL3 which it sold to Arbella's insured, Buckingham Bus Company.

9. The defendant, Motor Coach Industries, also installed in the MCI Charter Bus model 103EL3, a D24W model water heater manufactured by the defendant, Espar Heater Systems.

10. The defendant, Motor Coach Industries, was negligent in the design, manufacture and/or providing of instructional materials for the 1999 MCI Charter Bus model 103EL3 which it sold to Buckingham Bus Company and was negligent in its installation.

11. On or about November 12, 2002, the 1999 MCI Charter Bus model 103EL3, caught fire, causing property damage requiring expenditures pursuant to the policy of insurance issued by the plaintiff, Arbella, to Buckingham Bus Company.

12. The damages sustained by the plaintiff were as a direct and proximate result of the negligence of the defendant, Motor Coach Industries.

WHEREFORE, the Plaintiff, Arbella Mutual Insurance Company, as subrogee of Buckingham Bus Company, demands judgment against the defendant, Motor Coach Industries for all damages it has sustained, together with interest, costs, and attorneys fees.

## COUNT II, BREACH OF WARRANTY v. MOTOR COACH INDUSTRIES

13. The plaintiff repeats and incorporates herein by reference paragraphs no. 1-9 of its Complaint.

14. Prior to November 12, 2002, the defendant, Motor Coach Industries, sold to the plaintiff's insured, Buckingham Bus Company, a 1999 MCI Charter Bus model 103EL3.

15. At the time of said sale this defendant, Motor Coach Industries, expressly and impliedly warranted said product to be merchantable and suitable for its intended purpose as a motor coach.

16. The defendant, Motor Coach Industries, breached said warranties and said charter bus was defective, not merchantable and not suitable for its intended purposes.

17. As a direct and proximate result of said breaches of warranties, the 1999 MCI Charter Bus model 103EL3 caught fire on or about November 12, 2002, causing damage to be sustained by the plaintiff.

WHEREFORE, the plaintiff, Arbella Mutual Insurance Company, as subrogee of Buckingham Bus Company, demands judgment against the defendant, Motor Coach Industries, for all damages it has sustained together with interest, costs and attorneys fees.

### COUNT III, NEGLIGENCE v. ESPAR HEATER SYSTEMS

18. The plaintiff repeats and incorporates herein by reference paragraphs no. 1-6 of its Complaint.

19. The defendant, Espar Heater Systems, designed, manufactured and provided instructional materials for a certain model D24W coolant heater.

20. A model D24W coolant heater was installed in the 1999 MCI Charter Bus model 103EL3.

21. The defendant, Espar Heater Systems, was negligent in the design, manufacture and/or providing of instructional materials for the model D24W coolant heater.

22. On or about November 12, 2002, the 1999 MCI Charter Bus model 103EL3 sustained a fire originating in the model D24W coolant heater and/or its components, causing property damage requiring expenditures pursuant to the policy of insurance issued by the plaintiff, Arbella, to Buckingham Bus Company.

23. The damages sustained by the plaintiff were as a direct and proximate result of the negligence of the defendant, Espar Heater Systems.

WHEREFORE, the plaintiff, Arbella Mutual Insurance Company, as subrogee of Buckingham Bus Company, demands judgment against the defendant, Espar Heater Systems, for all damages it has sustained, together with interest, costs and attorneys fees.

### COUNT 1V, BREACH OF WARRANTY v. ESPAR HEATER SYSTEMS

24. The plaintiff repeats and incorporates herein by reference paragraphs no. 1-9 of its Complaint.

25. Prior to November 12, 2002, the defendant, Espar Heater Systems, sold a model D24W coolant heater which was installed in a 1999 MCI Charter Bus model 103EL3.

26. At the time of said sale, the defendant, Espar Heater Systems, expressly and impliedly warranted said coolant heater to be merchantable and suitable for its intended purpose as a coolant heater.

27. The defendant, Espar Heater Systems, breached said warranties, and said coolant heater was defective, not merchantable and not suitable for its intended purposes.

28. As a direct and proximate result of said breaches of warranties, the model D24W coolant heater caused a fire on or about November 12, 2002, causing damage to be sustained by the plaintiff.

3

WHEREFORE, the plaintiff, Arbella Mutual Insurance Company, as subrogee of Buckingham Bus Company, demands judgment against the defendant, Espar Heater Systems, for all damages it has sustained, together with interest, costs and attorneys fees.

Respectfully submitted
By Plaintiff's attorney,

*Steven R. Kruczynski*
Steven R. Kruczynski, Esq.
BBO No. 280560
Williams & Mahoney, LLC
900 Cummings Center, Suite 306-T
Beverly, MA 01915
(978) 232-9500

Dated: February 18, 2005

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. NOCV2005-00301-B

Arbella Mutual Insurance Company, as Subrogee of Buckingham Bus Company, *Plaintiff(s)*

v.

Motor Coach Industries, *Defendant(s)*

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Williams & Mahoney, LLC plaintiff's attorney, whose address is Steven R. Kruczynski, Esq / 900 Cummings Ctr. Suite 306-T / Beverly, MA 01915, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

BARBARA J. ROUSE, Esquire

WITNESS, ~~SUZANNE V. DELVECCHIO,~~ *Esquire*, at .................................. the ..........................

day of ........................................, in the year of our Lord two thousand and ..................................

............................................. Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARBELLA MUTAL INSURANCE COMPANY, as Subrogee of BUCKINGHAM BUS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MOTOR COACH INDUSTRIES and ESPAR HEATER SYSTEMS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF TIMOTHY J. NALEPKA

PERSONALLY BEFORE THE UNDERSIGNED NOTARY PUBLIC, duly authorized by law to administer oaths in the State of Illinois, appeared Timothy J. Nalepka, who being duly sworn deposes and states the following:

1. I am a United States citizen over the age of eighteen (18) years, I have personal knowledge of all of the matters addressed herein, and I am competent to give this affidavit.

2. I am Senior Vice President, General Counsel, and Secretary of Motor Coach Industries, Inc., the defendant in the above-captioned matter.

3. According to the complaint, the motor coach involved in the incident that is the subject of this lawsuit bears VIN 1M8TRMPAXXPO60444 (hereinafter referred to as the "Coach") (Complaint, par. 2).

4. The total cash price for the Coach was $371,337.00. A true and correct copy of the September 3, 1998 invoice for the Coach is attached.

5. Motor Coach Industries, Inc. is a corporation duly organized under the laws of the State of Delaware.

6. Motor Coach Industries, Inc maintains its principal place of business at 1700 E. Golf Road, Suite 300, Schaumburg, Illinois 60173.

The Affiant has nothing further to say.

*[signature]*
TIMOTHY J. NALEPKA

Sworn to and subscribed before me this  5th  day of May, 2005.

*[signature]*
Notary Public, State of Illinois

> OFFICIAL SEAL
> CAROLINE PUSCH
> NOTARY PUBLIC, STATE OF ILLINOIS
> MY COMMISSION EXPIRES 3-3-2009



**MOTOR COACH INDUSTRIES INC.**
552 WEST STUTSMAN AVENUE
PEMBINA, NORTH DAKOTA 58271-0349
PHONE (701) 825-6234
FAX (204) 772-0620

INVOICE NO. 33034
PAGE 1
DATE 09/03/98
SALESMAN HAUSMAN BUS SALES

REGULAR INVOICE

Fed ID: 45-0277789

```
U000099       Fed ID:
Buckingham Bus Co., Inc.              Buckingham Bus Co., Inc.
P.O. Box 8                            P.O. Box 8
40 Station Ave.                       40 Station Ave.
Groton MA 01450                       Groton MA 01450    SHIP TO
USA                                   USA
```

| CUST. ORDER NO. | P.O. NUMBER | PKGS | PPD | WEIGHT | SHIP VIA | TERMS |
|---|---|---|---|---|---|---|
| 004312 | 005-171 | | | 0.00 | | CASH |

| LINE REL | QTY. ORDERED | QTY. SHIPPED | QTY. BACK ORDERED | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|

Currency: US$ US Dollars

```
1       1.000          1.000         .000    371,337.00000    371,337.00
              Item: 102EL3-60444C
              Description: BUCKINGHAM BUS CO., INC.
              U/M: EA

MODEL 102EL3 MCI INTERCITY COACH IN
ACCORDANCE WITH MOTOR COACH INDUSTRIES,
INC., STANDARD SPECIFICATIONS, INCLUDING
OPTIONAL EQUIPMENT ITEMS AS PER DETAILED
PAGES ATTACHED TO AND FORMING A PART OF
AN AGREEMENT TO PURCHASE DATED
APRIL 17, 1998 LESS TIRES

                              $ 372,552.00

LESS: PRICE ADJUSTMENTS
AS ADVISED IN MS. L.
KACPROWSKI'S LETTER TO
MR. K. BUCKINGHAM DATED
AUGUST 19, 1998          $   (4,095.00)

ADD: TIRES               $    2,880.00
```

**IMPORTANT -** THE TITLE AND OWNERSHIP OF PROPERTY AND THE RIGHT OF POSSESSION OF THE SAID GOODS AND EQUIPMENT SHALL REMAIN IN THE VENDOR UNTIL THE PURCHASE PRICE IS PAID IN FULL, AND THE VENDOR SHALL HAVE THE RIGHT TO REPOSSESS AND SELL THE SAID EQUIPMENT IN THE EVENT OF DEFAULT IN SUCH PAYMENT. COMPLAINTS OF SHORTAGE OR OTHERWISE MUST BE MADE TO OUR HEAD OFFICE UPON RECEIPT OF GOODS OR CLAIMS CANNOT BE CONSIDERED OR ALLOWED. PERMISSION MUST BE OBTAINED BEFORE GOODS MAY BE RETURNED FOR CREDIT.

SUB TOTAL

TRADE-IN
FREIGHT
SALES TAX

CONTROL NO. P020765

AMOUNT DUE



**MOTOR COACH INDUSTRIES INC.**
552 WEST STUTSMAN AVENUE
PEMBINA, NORTH DAKOTA 58271-0349
PHONE (701) 825-6234
FAX (204) 772-0620

INVOICE NO. 33034
PAGE 2
DATE 09/03/98
SALESMAN HAUSMAN BUS SALES
REGULAR INVOICE
Fed. ID: 45-0277789

U000099   Fed ID:
Buckingham Bus Co., Inc.
P.O. Box 8
40 Station Ave.
Groton MA 01450
USA

Buckingham Bus Co., Inc.
P.O. Box 8
40 Station Ave.
Groton MA 01450   SHIP TO
USA

| CUST. ORDER NO. | P.O. NUMBER | PKGS | PPD | WEIGHT | SHIP VIA | TERMS |
|---|---|---|---|---|---|---|
| 004312 | 005-171 | | | 0.00 | | CASH |

| LINE REL | QTY ORDERED | QTY SHIPPED | QTY BACK ORDERED | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|

TRADE-IN: ONE (1) USED 1993 MCI 102C3
COACH UNIT #45160

F.O.B. PEMBINA, NORTH DAKOTA
FEDERAL EXCISE TAX EXEMPT

V.I.N.: 1M8 TRMPA X XP060444
UNIT NO.: 60444
ENG. SERIAL NO.: 06R0432040
FLEET NO.: 132

**IMPORTANT** — THE TITLE AND OWNERSHIP OF PROPERTY AND THE RIGHT OF POSSESSION OF THE SAID GOODS AND EQUIPMENT SHALL REMAIN IN THE VENDOR UNTIL THE PURCHASE PRICE IS PAID IN FULL, AND THE VENDOR SHALL HAVE THE RIGHT TO REPOSSESS AND SELL THE SAID EQUIPMENT IN THE EVENT OF DEFAULT IN SUCH PAYMENT. COMPLAINTS OF SHORTAGE OR OTHERWISE MUST BE MADE TO OUR HEAD OFFICE UPON RECEIPT OF GOODS OR CLAIMS CANNOT BE CONSIDERED OR ALLOWED. PERMISSION MUST BE OBTAINED BEFORE GOODS MAY BE RETURNED FOR CREDIT.

| | |
|---|---|
| SUB TOTAL | 371,337.00 |
| TRADE-IN | 117,896.47- |
| FREIGHT | 0.00 |
| SALES TAX | 0.00 |

CONTROL NO. P020766   Prepaid Amt: 5,000.00   AMOUNT DUE 248,440.53