UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * * **
ARBELLA MUTUAL                         *
INSURANCE COMPANY,                     *
as Subrogee of BUCKINGHAM BUS          *
COMPANY                                *   Civil Action NO. 05-10955-PB5
            Plaintiff                  *
V.                                     *
                                       *
MOTOR COACH INDUSTRIES and             *
ESPAR HEATER SYSTEMS                   *
            Defendants                 *
* * * * * * * * * * * * * * * * * * * * * * * * * **
```

MEMORANDUM OF THE PLAINTIFF, ARBELLA MUTUAL INSURANCE COMPANY, AS SUBROGEE OF BUCKINGHAM BUS COMPANY IN SUPPORT OF ITS OPPOSITION TO MOTION OF DEFENDANT, MOTOR COACH INDUSTRIES, TO DISMISS

**FACTUAL SUMMARY**

This action arises from a November 12, 2002 fire, which caused damage to a 1999 Charter Bus, which had been manufactured by the defendant, Motor Coach Industries, Inc., and delivered to Buckingham Bus Company. The bus was sold to Buckingham Bus Company pursuant to an "Agreement to Purchase" authored by Motor Coach Industries specifying a price of $375,432.00. The delivery date was specified as being September 4, 1998. According to the sales documentation, Motor Coach Industries, Inc., extended a limited warranty providing that the coach and all accessories comprising it, except for tires and batteries would be "free from defects in materials and workmanship." (*Exhibit A*) Attached to Defendant's Motion at Paragraph No. 15. Furthermore, this "warranty" only applied to "defects discovered during the warranty term which shall be thirty (30) months. Thus, after May 4, 2000, when the bus was less than three years old, the manufacturer purports to have no legal obligations whatsoever regarding the product. The fire, which occurred on November 12, 2002, is alleged to have originated in a defective heating unit, a defect which the defendant does not even contend was discoverable by the buyer before the warranty expired.

**ARGUMENT**

The provision in the "Agreement to Purchase" which makes a buyer solely responsible for defects in the product, which are not "discovered" until more than 30 months after the product is delivered, is fundamentally unfair. The bus, its design, materials and fabrication were entirely within the control of the defendant, Motor Coach Industries. The terms and conditions set forth in the "Agreement to Purchase" were also within the sole control of the defendant. There was such a clear disparity of bargaining strength as between the parties that the "Agreement to Purchase" cannot be viewed as representative of an arms-length negotiated transaction. Thus, if the defect in the bus existed at the time of the sale of the product, or if it existed during the 30-month period during which the bus was expressly warranted to be *free* from any such defects, the delay in manifestation should not preclude the plaintiff from recovery as the defendant contends.

Finally, with respect to the "Agreement to Purchase," a copy of which is attached to Defendant's Motion as "*Exhibit A*," it never appears to have been signed by Motor Coach Industries, Inc. Thus, it is ironic that Motor Coach now seeks to enforce against Buckingham Bus Company a disclaimer and limitation of warranty, and yet Motor Coach never formally obligated itself contractually to perform its obligations under the agreement. For this and the other reasons cited above, Motor Coach should not now be permitted to use the terms of the Agreement to avoid its obligations to its customer, Buckingham Bus Company.

**ARGUMENT WITH RESPECT TO ECONOMIC LOSS RULE**

The defendant also relies upon the "economic loss rule" which provides that in any commercial transaction, a buyer may not recover for damages to or destruction of the product itself, even if such product was manufactured negligently or was non-compliant with warranty or contractual obligations of the seller. This rule was applied in Cooperative Power Association v. Westinghouse Electric Corporation, 493 N. W. 2d 661 (1992) in which the plaintiff purchased a step-up transformer and bushings to connect the transformer to the power lines from Westinghouse for use in its electrical generating facility. Subsequently, an electrical arc in one of the bushings damaged the bushing and the transformer. The court, citing the economic loss rule, held that no recovery against the seller was possible under theories of tort or contract law.

Courts have expressed the rationale of the economic loss rule as being that commercial entities purchasing and selling products in the marketplace are (1) of equal bargaining strength, (2) that any and all claims for damages or malfunctions of products <u>should</u> be handled exclusively as warranty claims and (3) that society's interest in compensating victims of personal injuries is less than its interest in compensating victims of economic losses occasioned by negligence or breach of contract. Each of these justifications is based upon false assumptions and are products of dubious logic.

In a circumstance where a manufacturer disclaims all warranties or limits their scope, the economic loss rule completely deprives a commercial purchaser of any recourse for carelessly designed or manufactured products. Clearly, Buckingham Bus Company did not pay $375,432 for a product that would become no more than a large paperweight four years later because, when sold, it contained a latent, undiscoverable design defect. Equally clear is the unjust enrichment being accorded to the manufacturer whose negligence or production of a defective product caused the damage. To apply the economic loss rule in the circumstances of this case is simply unfair and provides no incentive to a manufacturer to produce a defect-free safe product.

Thus, the plaintiff submits that the Defendant's Motion to Dismiss should be denied. The default failed effectively to disclaim or limit its warranty, and in the context of this action, the limitation/disclaimer does not foreclose an action based upon it. In addition, application of the economic loss rule in these circumstances is fundamentally unfair.

                                                         Respectfully submitted
                                                         By Plaintiff's attorney,

                                                         S/ Steven R. Kruczynski
                                                         _____
                                                         Steven R. Kruczynski, Esq.
                                                         BBO No. 280560
                                                         Williams & Mahoney, LLC
                                                         900 Cummings Center, Suite 306-T
                                                         Beverly, MA  01915
Dated: June 3, 2005                                   (978) 232-9500

## **CERTIFICATE OF SERVICE**

I, Steven R. Kruczynski, attorney for the Plaintiff, do hereby certify that a copy of the within:

1. Memorandum of the Plaintiff, Arbella Mutual Insurance Company, as Subrogee of Buckingham Bus Company, in Support of its Opposition to Motion of Defendant of Defendant, Motor Coach Industries, to Dismiss.

has been sent, postage prepaid, to counsel:

David A. Barry, Esq.
Sugarman, Rogers, Barshak & Cohen, PC
101 Merrimac St.
Boston, MA  02114-4737


Espar Heater Systems
64365 Kestrel Road
Misdsissauga, Ontario, Canada

S/ Steven R. Kruczynski
_____
Steven R. Kruczynski, Esquire
BBO No. 280560
Williams & Mahoney, LLC
900 Cummings Center, Suite 306-T
Beverly, MA  01915
(978) 232-9500

Dated: June 3, 2005