IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARBELLA MUTAL INSURANCE COMPANY, as Subrogee of BUCKINGHAM BUS COMPANY,<br>    Plaintiff<br><br>v.<br><br>MOTOR COACH INDUSTRIES and ESPAR HEATER SYSTEMS,<br>    Defendant | CIVIL ACTION NO. 05-10955-PBS |

## ASSENTED TO MOTION OF DEFENDANT, MOTOR COACH INDUSTRIES, INC., FOR LEAVE TO FILE REPLY MEMORANDUM

Defendant Motor Coach Industries, Inc. ("MCI") hereby moves for leave of Court to file the attached Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss marked Exhibit "A." The Plaintiff, Arbella Mutual Insurance Company, has assented to this motion.

                                          MOTOR COACH INDUSTRIES, INC.
                                          By its Attorneys,


                                          /s/       David A. Barry
                                          David A. Barry, BBO No. 031520
                                          Sugarman, Rogers, Barshak & Cohen, P.C.
                                          101 Merrimac Street, 9th Floor
                                          Boston, MA 02114-4737
                                          (617) 227-3030

                                          OF COUNSEL:

                                          Mark E. Enright, Esquire
                                          Thadford A. Felton, Esquire
                                          Arnstein & Lehr LLP
                                          120 South Riverside Plaza
                                          Suite 1200
                                          Chicago, IL 60606
                                          (312) 876-7100

ASSENTED TO:

ARBELLA MUTUAL INSRUANCE COMPANY,
as Subrogee of BUCKINGHAM BUS COMPANY,
By its Attorneys,


/s/  Steven R. Kruczynski
Steven R. Kruczynski, BBO No. 280560
Williams & Mahoney, LLC
900 Cummings Center
Suite 306-T
Beverly, MA 01915-6181
(978) 232-9500


Dated:  June 8, 2005

Doc. #364137

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARBELLA MUTAL INSURANCE COMPANY, as Subrogee of BUCKINGHAM BUS COMPANY, Plaintiff<br><br>v.<br><br>MOTOR COACH INDUSTRIES and ESPAR HEATER SYSTEMS, Defendant | CIVIL ACTION NO. 05-10955-PBS |

### DEFENDANT MOTOR COACH INDUSTRIES, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant Motor Coach Industries, Inc. ("MCI"), incorrectly named as Motor Coach Industries, through its attorneys, David A. Barry, Sugarman, Rogers, Barshak & Cohen, P.C., of counsel, states as its Reply in Support of its Motion to Dismiss Counts I and II of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as follows:

The Plaintiff admits that the law requires the dismissal of Plaintiff's Complaint in its entirety. The Plaintiff agrees that the economic loss rule precludes Plaintiff's recovery under its negligence theory; that the statute of limitations and contractual limitations have expired with regard to its breach of warranty claims; and, even if the statute of limitations had not expired, the warranties were disclaimed by the Purchase Agreement. Consequently, the Court should grant MCI's motion to dismiss Counts I and II of Plaintiff's Complaint.

With regard to Plaintiff's claim for breach of warranties, Plaintiff's argument is essentially that it is "fundamentally unfair" to hold it to the terms of the Purchase Agreement that it negotiated and voluntarily entered into. At the time that Plaintiff and MCI entered into the Purchase Agreement, Plaintiff was aware of the terms and limitations of the warranty provision of the Purchase Agreement. A party is presumed to have read and understood any contract

which he signs. Leasecomm Corp. v. Rivera, No. 9266, 1994 WL 263434 * 2 (Mass. App. Div. June 8, 1994) citing Hull v. Attleboro Savings Bank, 33 Mass. App. Ct. 18, 24 (1992).

The Purchase Agreement contained clear and conspicuous language that explicitly (1) disclaimed all express and implied warranties and (2) set forth a thirty month limited warranty period. As the parties performed under the Purchase Agreement and Plaintiff received the benefits of the contract, it is "fundamentally unfair" for the Plaintiff to now claim that its provisions do not apply merely because the Purchase Agreement is only signed by the Plaintiff's subrogee and not by MCI. Furthermore, notwithstanding the thirty month limited warranty period, the general statute of limitations for an action on contract for the sale of goods is four years, which expired as well. See Spieker v. Westgo, Inc., 479 N.W.2d 837, 847-48 (N.D. 1992); M.G.L.A. 106 § 2-725. Significantly, the Plaintiff does not even address MCI's statute of limitations defense to the breach of warranty claim in its Opposition.

Plaintiff also admits that the economic loss doctrine bars its claim for negligence. However, Plaintiff argues, without any citation to authority, that the economic loss doctrine is "based upon false assumptions and are products of dubious logic." The rationale for the economic loss doctrine has been set forth in several decisions and there is no need to repeat the rationale here.

Further, contrary to Plaintiff's statement, the economic loss rule does not completely deprive a Plaintiff of recourse for allegedly carelessly designed or manufactured products. As Plaintiff points out, its recourse lies in the terms of the contract that it negotiated, voluntarily entered into and enjoyed the benefits of. In this case the contract negotiated and entered into by Plaintiff provided a limited warranty that expired after a period of thirty months. However, even if it had not expired, the general statute of limitations for a warranty claim under the Purchase

2

Agreement expired as well. The Plaintiff was provided recourse, but the statute of limitations on that recourse expired on March 4, 2001 and September 4, 2002, respectively, and the alleged incident underlying Plaintiff's claims did not occur until after the expiration of the statute of limitations – November 12, 2002. Accordingly, as Plaintiff concedes, Counts I and II must be dismissed.

WHEREFORE, Defendant Motor Coach Industries, Inc. moves to dismiss Counts I and II of Plaintiff's Complaint with prejudice and for such other relief as this Court deems to be equitable and just.

MOTOR COACH INDUSTRIES, INC.
By its Attorneys,

/s/    David A. Barry
David A. Barry, BBO No. 031520
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737
(617) 227-3030

OF COUNSEL:

Mark E. Enright, Esquire
Thadford A. Felton, Esquire
Arnstein & Lehr LLP
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606
(312) 876-7100

Dated: June 8, 2005

Doc. #364126